**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

25 DEC -5 PM 2:41

ADRIAN MOLINA,

Plaintiff,

v.

CITY OF COMMERCE CITY;

SERGEANT MARIE ANDERS (#5489);

OFFICER GILBERT ABDULLA (#1306652);

OFFICER SERGIO ROSALES (#4962);

JULIA M. BRADY (#57826);

TODD E. BLUTH (#42443);

BOBBIE K. COONEY;

GRAHAM BLACK (#60028);

DEPUTY DISTRICT ATTORNEY T. DUNCAN;

DEPUTY DISTRICT ATTORNEY A. TRESSLER;

DEPUTY DISTRICT ATTORNEY A. DALTON;

JOHN DOE OFFICER;

JANE DOE OFFICER,

Defendants.

Civil Action No.: _____

JURY TRIAL DEMANDED

---

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

**42 U.S.C. §§ 1983 & 1985**

Plaintiff, **Adrian Molina**, appearing in propria persona (pro se), states as follows:

---

## I. INTRODUCTION

1.  This civil rights action seeks redress for violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments arising from an unlawful traffic stop, detention, arrest, stigmatization, retaliation, unequal treatment, conspiracy, malicious prosecution, and municipal liability.

2.  The misconduct was committed by officers of the Commerce City Police Department ("CCPD"), prosecutors of the 17th Judicial District Attorney's Office, and occurred pursuant to the policies, customs, and failures to train of the **City of Commerce City**.

3. Plaintiff seeks compensatory damages, punitive damages, declaratory relief, injunctive relief, and all remedies available under federal law.

---

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under **28 U.S.C. § 1331** because Plaintiff asserts claims arising under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983 and 1985.

5. Jurisdiction is also proper under **28 U.S.C. § 1343(a)(3)** because Plaintiff seeks redress for the deprivation of constitutional rights under color of state law.

6. Venue is proper in the District of Colorado under **28 U.S.C. § 1391(b)** because all events giving rise to these claims occurred within this District.

---

## III. PARTIES

7. **Plaintiff Adrian Molina** is a natural person appearing in propria persona (pro se). Plaintiff is presently located within the District of Colorado for purposes of this action.

8. **Defendant City of Commerce City** is a municipal corporation responsible for the policies, customs, practices, training, and supervision of the Commerce City Police Department ("CCPD").

9. **Defendant Sergeant Marie Anders (#5489)** was at all times relevant a CCPD officer acting under color of state law. She is sued in her individual and official capacities.

10. **Defendant Officer Gilbert Abdulla (#1306652)** was at all times a CCPD officer acting under color of state law. He is sued in his individual and official capacities.

11. **Defendant Officer Sergio Rosales (#4962)** was at all times a CCPD officer acting under color of state law. He is sued in his individual and official capacities.

12. **Defendant Julia M. Brady (#57826)** was at all times a Deputy District Attorney ("DDA") with the 17th Judicial District Attorney's Office. She is sued individually for investigatory, administrative, and ultra vires actions not protected by absolute immunity.

13. **Defendant Todd E. Bluth (#42443)** was at all times a Deputy District Attorney for the 17th Judicial District. Sued individually.

14. **Defendant Bobbie K. Cooney** was at all times a Deputy District Attorney for the 17th Judicial District. Sued individually.

15. **Defendant Graham Black (#60028)** was at all times a Deputy District Attorney for the 17th Judicial District. Sued individually.

16. **Defendant DDA T. Duncan** was at all relevant times a Deputy District Attorney whose full name is unknown. Plaintiff knows only the first initial and last name. Sued individually.

17. **Defendant DDA A. Tressler** was a Deputy District Attorney for the 17th Judicial District. Plaintiff knows only first initial and last name. Sued individually.

18. **Defendant DDA A. Dalton** was a Deputy District Attorney for the 17th Judicial District. Plaintiff knows only first initial and last name. Sued individually.

19. **Defendant JOHN DOE OFFICER** is an unidentified CCPD officer who participated in, observed, or failed to intervene in the unlawful conduct described herein. Plaintiff will amend the Complaint once this Defendant's identity is discovered. Sued individually.

20. **Defendant JANE DOE OFFICER** is an unidentified CCPD officer who participated in, observed, or failed to intervene in the unlawful conduct. Plaintiff will amend once the identity becomes known. Sued individually.

---

## IV. FACTUAL ALLEGATIONS

### A. Unlawful Stop, Detention, and Arrest

21. On December 5, 2023, Plaintiff was traveling in his private vehicle within Commerce City, Colorado.

22. Plaintiff committed no traffic violation and exhibited no conduct giving rise to reasonable suspicion or probable cause.

23. CCPD officers initiated a traffic stop without lawful justification.

24. Within minutes, multiple CCPD patrol units arrived, indicating a coordinated and pre-planned response rather than a routine stop.

25. Plaintiff remained peaceful, cooperative, and asked lawful questions during the encounter.

26. Plaintiff **lawfully asserted his constitutional rights**, informing officers that:

a. he was willing to cooperate;

b. he would identify himself if officers articulated any lawful charge, violation, or reasonable suspicion;

c. officers were free to conduct their investigation;

d. he was not refusing cooperation, only requesting adherence to constitutional standards.

27. Plaintiff's statements were **protected speech and lawful conduct** and did not constitute obstruction under Colorado law.

28. In direct retaliation for Plaintiff asserting his rights, **Sergeant Anders stated that Plaintiff was being charged with obstruction solely because he did not immediately identify himself**—despite lacking any underlying crime to justify a detention.

29. Refusal to identify **cannot constitute obstruction** absent reasonable suspicion of a crime (*Hiibel v. Sixth Judicial District*, 542 U.S. 177 (2004)). No such suspicion existed.

30. Plaintiff was forcibly removed, restrained, searched, arrested, transported, and detained without probable cause.

31. Officers repeatedly and unjustifiably labeled Plaintiff a **"sovereign citizen,"** a stigmatizing term implying danger or extremist ideology.

32. Plaintiff has **never** identified as a sovereign citizen and expressly rejects that label.

33. Among the responding officers were two officers whose names are presently unknown—**John Doe Officer** and **Jane Doe Officer**—who participated directly or indirectly in the unconstitutional conduct.

---

## B. Prosecutorial Misconduct

34. Prosecutors (Brady, Bluth, Cooney, Black, Duncan, Tressler, Dalton) adopted and repeated the false labeling, ignored Plaintiff's filings, perpetuated false narratives, directed or encouraged police conduct, and pursued charges with no lawful basis.

35. Their actions included **non-immune investigatory and administrative acts**, such as:

   a. reinforcing false classifications;

b. advising officers;

c. disregarding exculpatory evidence;

d. retaliatory continuation of prosecution.

---

## C. Commerce City Policies, Customs, and Failures to Train (Monell)

36. CCPD officers acted pursuant to **Commerce City's unconstitutional policies, customs, and practices**, including:

a. unlawful investigatory stops;

b. escalation of routine encounters;

c. multi-unit "stacked" traffic stop tactics;

d. use of derogatory labels to justify escalation;

e. failure to supervise officers;

f. failure to train officers on First Amendment rights;

g. failure to train officers on reasonable suspicion and probable cause;

h. ratification of officer misconduct by city policymakers.

37. These unconstitutional policies and failures reflect deliberate indifference and were the **moving force** behind Plaintiff's injuries.

---

## D. Conspiracy Among Officers and Prosecutors

38. CCPD officers and prosecutors acted jointly, using identical labels, coordinated tactics,

and parallel retaliatory decisions, demonstrating a conspiracy under **42 U.S.C. § 1985(3)**.

---

**E. Damages**

39. Plaintiff suffered:

- loss of liberty;

- emotional distress;

- reputational and dignitary harm;

- humiliation;

- anxiety;

- psychological trauma;

- legal expenses;

- ongoing fear of further retaliation.

---

## V. CLAIMS FOR RELIEF

---

**COUNT I – Fourth Amendment Unlawful Seizure & False Arrest**

**42 U.S.C. § 1983**

**Against Anders, Abdulla, Rosales, John Doe Officer, and Jane Doe Officer**

40. Plaintiff incorporates all preceding paragraphs by reference.

41. Defendants stopped, detained, and arrested Plaintiff **without reasonable suspicion or probable cause**.

42. Under *Terry v. Ohio*, 392 U.S. 1 (1968), police must have specific, articulable facts to justify a detention. None existed here.

43. Under *Beck v. Ohio*, 379 U.S. 89 (1964), an arrest is unconstitutional when based only on speculation or officer preference.

44. Plaintiff engaged in no crime; he peacefully asserted his rights.

45. Plaintiff's lawful request for officers to articulate reasonable suspicion or a violation **does not create probable cause**.

46. Defendants retaliated by arresting Plaintiff solely because he did not instantly identify himself—conduct protected unless preceded by reasonable suspicion under *Hiibel v. Sixth Judicial District*, 542 U.S. 177 (2004).

47. All defendant officers acted under color of state law.

48. Their actions caused Plaintiff loss of liberty, reputational harm, and emotional trauma.

---

**COUNT II – Fourteenth Amendment Due Process Violations**

**42 U.S.C. § 1983**

**Against All Individual Defendants**

49. Plaintiff incorporates all previous paragraphs.

50. Defendants deprived Plaintiff of liberty and property interests **without procedural or substantive due process**.

51. Prosecutors (Brady, Bluth, Cooney, Black, Duncan, Tressler, Dalton) ignored Plaintiff's filings, disregarded exculpatory information, repeated false classifications, and continued prosecutions without cause.

52. These actions exceed prosecutorial immunity, which protects only advocative—not investigatory or administrative—conduct.

53. Defendants' misconduct violated standards established in:

- *Mathews v. Eldridge*, 424 U.S. 319 (1976)

- *Wolff v. McDonnell*, 418 U.S. 539 (1974)

54. Plaintiff suffered harm as a result of the unfair and biased proceedings.

---

**COUNT III – First Amendment Retaliation**

**42 U.S.C. § 1983**

**Against Anders, Abdulla, Rosales, John Doe Officer, and Jane Doe Officer**

55. Plaintiff incorporates all preceding paragraphs.

56. Plaintiff engaged in **protected First Amendment speech**, including asserting his rights, asking lawful questions, and requesting officers identify the legal basis for their demands.

57. Defendants retaliated by:

    a. escalating the encounter;

    b. falsely labeling Plaintiff a "sovereign citizen";

    c. forcibly removing and arresting Plaintiff;

    d. fabricating obstruction allegations.

58. Retaliatory arrest violates clearly established law, including:

- *City of Houston v. Hill*, 482 U.S. 451 (1987)

- *Nieves v. Bartlett*, 587 U.S. ___ (2019)

59. A reasonable person would be chilled from asserting their rights under similar circumstances.

60. Defendants' conduct directly caused Plaintiff's injuries.

---

**COUNT IV – First Amendment & Fourteenth Amendment Stigmatization ("Stigma + Plus")**

**42 U.S.C. § 1983**

**Against All Individual Defendants**

61. Plaintiff incorporates all preceding paragraphs.

62. Officers and prosecutors repeatedly applied the false, derogatory label **"sovereign citizen"** to Plaintiff, implying extremism, anti-government ideology, or danger.

Page **11** of **18**

63. The stigmatization altered Plaintiff's treatment, legal status, risk level, and procedural protections.

64. Prosecutors (Brady, Bluth, Cooney, Black, Duncan, Tressler, Dalton) reinforced the stigma through written filings, courtroom statements, and prosecutorial decisions.

65. Such labeling constitutes unconstitutional stigma-plus, violating both Plaintiff's First Amendment and Fourteenth Amendment rights.

66. Plaintiff suffered reputational, emotional, and legal harms.

---

## COUNT V – Equal Protection ("Class of One")

## 42 U.S.C. § 1983

## Against All Individual Defendants

67. Plaintiff incorporates all preceding paragraphs.

68. Defendants intentionally treated Plaintiff differently from similarly situated individuals with **no rational basis**, violating the Equal Protection Clause.

69. Discriminatory actions include:

a. coordinated multi-unit stop;

b. retaliatory arrest;

c. stigmatizing labels;

d. refusal to review Plaintiff's affidavits;

e. continuation of baseless prosecution.

70. A class-of-one violation does not require membership in a protected class (*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)).

71. Plaintiff's injuries stem directly from this unconstitutional disparate treatment.

---

**COUNT VI – Failure to Intervene**

**42 U.S.C. § 1983**

**Against Anders, Abdulla, Rosales, John Doe Officer, and Jane Doe Officer**

72. Plaintiff incorporates all preceding paragraphs.

73. All Defendant officers had realistic opportunities to intervene and prevent constitutional violations but failed to do so.

74. Violations included unlawful detention, arrest, retaliation, stigmatization, and excessive escalation.

75. Each Defendant officer was physically present and observed misconduct.

76. Failure to intervene constitutes an independent violation of §1983.

---

**COUNT VII – Conspiracy to Interfere with Civil Rights**

**42 U.S.C. § 1985(3)**

**Against All Individual Defendants**

77. Plaintiff incorporates all preceding paragraphs.

78. Defendants entered into an unlawful agreement, explicit or implicit, to deprive Plaintiff of equal protection and equal privileges under the law.

79. Overt acts in furtherance of the conspiracy include:

   a. coordinated police deployment;

   b. use of identical stigmatizing language;

   c. fabrication of obstruction charges;

   d. prosecutorial endorsement of police misconduct;

   e. repetition of false labels;

   f. continued prosecution lacking probable cause.

80. All Defendants acted in concert.

81. Plaintiff suffered multiple constitutional injuries as a result of the conspiracy.

---

**COUNT VIII – Malicious Prosecution**

**42 U.S.C. § 1983**

**Against All Individual Defendants**

82. Plaintiff incorporates all preceding paragraphs.

83. Defendants initiated, influenced, and continued criminal charges **without probable cause**.

84. Prosecutorial Defendants engaged in non-immune conduct including:

   a. investigatory involvement;

b. endorsing officer narratives;

c. withholding exculpatory evidence;

d. continuing prosecution based on retaliatory motives.

85. The proceedings were terminated in Plaintiff's favor or lacked lawful foundation.

86. Defendants acted with malice and reckless disregard.

87. Plaintiff suffered deprivation of liberty, reputational harm, emotional distress, and legal

costs.

---

**COUNT IX – Municipal Liability (Monell)**

**42 U.S.C. § 1983**

**Against Defendant City of Commerce City**

88. Plaintiff incorporates all preceding paragraphs.

89. Plaintiff's injuries were caused by Commerce City's official policies, customs, and

practices, and by deliberate indifference in the training and supervision of CCPD officers.

90. Unconstitutional policies and customs include:

a. pretextual and retaliatory traffic-stop practices;

b. multi-unit escalation customs;

c. unconstitutional investigatory tactics;

d. stigmatization practices used to justify escalation;

e. failure to discipline or supervise officers;

f. failure to train officers on First Amendment rights;

g. failure to train officers on reasonable suspicion and probable cause standards;

h. ratification of officer misconduct by city policymakers.

91. These unconstitutional practices were the **moving force** behind Plaintiff's injuries under *Monell* and *City of Canton v. Harris*, 489 U.S. 378 (1989).

92. Plaintiff is entitled to all remedies available under §1983.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Adrian Molina** respectfully requests that this Court enter judgment in his favor and against all Defendants, jointly and severally where applicable, and award the following relief:

### A. Compensatory Damages

For all injuries sustained, including:

- loss of liberty;
- emotional distress;
- reputational harm;
- humiliation and indignity;
- anxiety and psychological trauma;
- legal expenses;
- all other actual and consequential damages proven at trial.

### B. Punitive Damages

Against all individually named Defendants

(**excluding City of Commerce City**, which is immune from punitive damages) for:

- willful;

- malicious;

- wanton;

- reckless;

- oppressive;

- or intentional misconduct.

## C. Declaratory Relief

A judicial declaration that:

1.  The actions of Defendants violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments;

2.  The stigmatizing classification "sovereign citizen" lacks factual basis and is unconstitutional when applied to Plaintiff;

3.  The City of Commerce City maintains unconstitutional policies, customs, and failures to train.

## D. Injunctive Relief

As the Court deems appropriate, including but not limited to orders prohibiting:

- CCPD's use of unconstitutional stop and escalation practices;

- the use of stigmatizing classifications without factual basis;

- retaliatory arrests based on protected speech;

- coordinated pretextual enforcement operations.

## E. Costs and Fees

Award of litigation costs pursuant to 42 U.S.C. § 1988
(should Plaintiff later obtain representation).

## F. Any Additional Relief

Any other legal or equitable relief the Court deems just and proper.

---

## VII. JURY DEMAND

Plaintiff **demands a trial by jury** on all issues so triable under Rule 38 of the Federal Rules of
Civil Procedure.

---

## VIII. SIGNATURE

Respectfully submitted,

By: _Adrián Molina_

Without Prejudice/ All Rights resereved

Adrian Molina

Pro Se Plaintiff

7550 East 53rd Place, Unit 5072

Denver, Colorado 80217

Phone: 720-908-7555

Email: adrianneavemolina@gmail.com

Date: _5th of December, 2025_