## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03920-CNS-STV

ADRIAN MOLINA,

Plaintiff,

v.

CITY OF COMMERCE CITY;
GILBERT ABDULLAH, in his individual capacity;
MARIE ANDERS, in her individual capacity;
SERGIO ROSALES, in his individual capacity;
ADAM LAUBER, in his individual capacity; and
JANE DOE OFFICER, in her individual capacity.

Defendants.

---

## MOTION TO DISMISS

---

Defendants, **CITY OF COMMERCE CITY, GILBERT ABDULLAH, MARIE ANDERS, SERGIO ROSALES,** and **ADAM LAUBERT, by their attorney, ERIC M. ZIPORIN,** of the law firm **SGR, LLC**, and pursuant to Fed.R.Civ.P. 12(b)(6) and CNS Civ. Practice Standard 7.1(B), hereby submit their Motion to Dismiss as follows:

### STATEMENT OF CONFERRAL

Pursuant to D.C.COLO.CivR. 7.1(a), undersigned counsel conferred with Plaintiff in advance of filing this motion. Plaintiff objects to the requested relief.

## I.    INTRODUCTION

This case arises from Plaintiff's arrest following a traffic stop.  Plaintiff was initially pulled over for a road rage incident, and after repeatedly refusing commands, he was arrested on charges of obstructing a peace officer and various traffic-related offenses. Plaintiff is suing Defendants pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated during the course of the arrest.  Specifically, Plaintiff alleges the following claims for relief: (1) Count I - Fourth Amendment excessive force (against all individual Defendants); (2) Count II – Fourth Amendment - unreasonable seizure/vehicle impound (against all individual Defendants); (3) Count III – Fourth Amendment – unlawful warrantless search (against all individual Defendants); and (4) Count IV – municipal liability (*Monell* claim against the City of Commerce City).  [Second Amended Complaint (ECF No. 13), pp. 3 – 5].

The claims are implausible for many reasons including the individual Defendants' entitlement to qualified immunity, the inadequate allegations of personal participation, and the inadequate allegations of municipal liability.  The Second Amended Complaint (the "Complaint") should therefore be dismissed.[1]

## II.    STANDARD OF REVIEW

*Pro se* plaintiffs must follow the same rules of procedure that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view

---

[1] Plaintiff does not allege a stand-alone failure to intervene claim but does reference that phrase in paragraph 37 of the Complaint.  If Plaintiff is alleging a failure to intervene related to any of the alleged Fourth Amendment violations, such claim should also be dismissed for the reasons outlined below.

2

these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). A plaintiff, however, may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a result, the Court need not accept conclusory allegations without supporting factual averments. *Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 127 F.4th 178, 191 (10th Cir. 2025). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. ARGUMENT

### A. THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S SECTION 1983 CLAIMS.

The individual Defendants are being sued in their individual capacities as police officers employed by City and acting under color of law. They hereby assert qualified immunity from Plaintiff's claims. Plaintiff now bears the "heavy two-part burden" of adequately alleging: (1) that Defendants violated his Fourth and/or Fourteenth Amendment rights, and (2) that such rights (and the violations thereof) were clearly established at the time of the incident. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) ("[I]n this context, plaintiffs must allege facts sufficient to show … that the defendants plausibly violated their [clearly established] constitutional rights.").

#### 1. Inadequate allegations of personal participation in any underlying Fourth Amendment violation.

For civil rights claims generally, "personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). The Tenth Circuit has also held that allegations relating to personal participation in a civil rights violation will be heavily scrutinized at the motion to dismiss stage where multiple defendants have been named. *Robbins*, 519 F.3d at 1250 ("[I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done what to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.") (emphasis in original); *Shrum v. Cooke*, 60 F.4th 1304, 1311–12 (10th Cir. 2023) ("We have repeatedly emphasized the importance of connecting defendants to misconduct in pleadings: 'To recover damages from each of [multiple] Defendants under § 1983, [Plaintiff] had to show that such Defendant personally participated in the alleged constitutional violation.'") (quoting *Vasquez v. Davis*, 882 F. 3d 1270, 1275 (10th Cir. 2018) (alterations in original)).

The Complaint repeatedly refers to alleged conduct by "Defendants" but in many instances fails to attribute specific conduct to anyone in particular. [*See* Complaint, ¶¶ 13, 21, 28, 31, 49, 52, and 60]. There are no specific factual averments involving Defendant Abdullah. [*See generally*, Complaint]. The only allegations directed toward Defendant Anders is she heard Defendant Laubert confirm the vehicle was insured and that she said Plaintiff had no driver's license or vehicle registration. [Complaint, ¶¶ 24, 25]. Neither of which constitute personal participation in an alleged constitutional violation. As to Defendant Rosales, Plaintiff merely alleges he heard Defendant Laubert confirm the

4

vehicle was insured, conduct which does not plausibly allege a constitutional violation. [Complaint, ¶ 24]. Plaintiff's only factual averments against Defendant Laubert are that he asked Plaintiff's daughter whether Plaintiff's mother had a valid driver's license and could drive the vehicle. [Complaint, ¶ 22]. Such limited conduct does not plausibly allege personal participation in a constitutional violation. Accordingly, given that Plaintiff has not plausibly alleged that any individual Defendant personally participated in a constitutional violation, each individual Defendant is entitled to qualified immunity. In the event the Court determines Plaintiff has adequately pled personal participation for each individual Defendant, each individual Defendant is still entitled to qualified immunity.

### 2.    Plaintiff has not plausibly alleged an improper impound.

Plaintiff alleges the individual Defendants violated the Fourth Amendment by impounding his vehicle. He generally alleges the vehicle was insured, operable, and his mother was available to drive the vehicle away from the scene. [Complaint, ¶¶ 26 – 28]. Plaintiff further alleges the vehicle was not abandoned and did not pose an immediate public safety hazard. [Complaint, ¶ 29].

An impoundment of a vehicle is a seizure that typically requires a warrant. *See United States v. Ulibarri*, 149 F.4th 1193, 1199 (10th Cir. 2025). But "one exception to the warrant requirement is a search or seizure conducted pursuant to police officers' 'community-caretaking functions." *Ulibarri,* 1149 F.4th at 1199. The threshold issue in determining the reasonableness of an impoundment is whether the vehicle is obstructing traffic or threatening public safety. If either exists, the Fourth Amendment permits impoundment. *United States v. Venezia*, 995 F.3d 1170, n. 1 (10th Cir. 2021) (*citing*

5

*United States v. Trujillo*, 993 F.3d 859, 872 (10th Cir. 2021)).  What the courts consider to be "efficient movement of vehicular traffic" or "impeding traffic" and enhancing "public safety and convenience" is broad.  *Trujillo*, 993 F.3d at 865 (*quoting South Dakota v. Opperman*, 428 U.S. 369 (1976) ("It is important to recognize the breadth of what is encompassed by 'efficient movement of vehicular traffic,' 'impeding traffic,' and 'public safety and convenience.'")  The courts have held that it is presumptively reasonable to impound vehicles from public property.  *See Id.* at 866.

Plaintiff alleges he "pulled over and parked along the side of the roadway adjacent to a church driveway area."  [Complaint, ¶ 14].  Plaintiff does not allege the roadway was private and thus concedes it was public.  Plaintiff does not allege he was allowed to park his vehicle and leave it at that location.  While Plaintiff further alleges the vehicle "did not pose an immediate public safety hazard requiring towing," the vehicle could not have simply been left on a public roadway as doing so could both obstruct traffic or create risk of another vehicle colliding into it.  The vehicle was also adjacent to the entrance into a church which would have interfered with the parishioners' ability to access the church. Given the admission that the vehicle was parked along the side of a public road adjacent to a private driveway, the Fourth Amendment justified the impoundment.

Should the inquiry need to continue, the courts then consider five non-exclusive factors to determine whether an impoundment is reasonable under the Fourth Amendment: (1) whether the vehicle is on public or private property; (2) if on private property, whether the property owner has been consulted; (3) whether an alternative to impoundment exists (especially another person capable of driving the vehicle); (4)

whether the vehicle is implicated in a crime; and (5) whether the vehicle's owner and/or driver have consented to the impoundment.  *Venezia*, 995 F.3d at 1178 (*citing United States v. Sanders*, 796 F.3d 1241, 1250 (10th Cir. 2015)).

Here, the first two factors either do not apply or weigh in favor of impoundment as Plaintiff does not allege the vehicle was on private property.  The third factor weighs in favor of impoundment as no alternative existed.  Plaintiff concedes the individual Defendants (particularly Defendant Anders) knew the vehicle was not properly registered, so Plaintiff's mother driving the vehicle was not an option.  [Complaint, ¶ 25].  As to the fourth factor, since Plaintiff's vehicle was not implicated in a crime but instead multiple traffic offenses, this factor weighs in favor of Plaintiff.  The fifth factor also weighs in favor of Plaintiff as he does not allege he consented to any search or seizure of the vehicle. [Complaint, ¶ 32].  Given that three of the five factors either do not apply or lie in favor of impoundment, Plaintiff has not plausibly alleged a constitutional violation.

### 3.     Plaintiff has not plausibly alleged an improper search.

Plaintiff alleges the individual Defendants violated his Fourth Amendment rights by conducting a warrantless search of his vehicle.  It should be noted that at no time does Plaintiff allege the officers lacked probable cause for his arrest.

Plaintiff recognizes that an inventory search of the vehicle occurred following his arrest.  [Complaint, ¶ 60].  Given the reasonableness of the impound, the subsequent inventory search was also reasonable.  "[I]nventory searches are …. a well-defined exception to the warrant requirement of the Fourth Amendment."  *United States v. Kendall*, 14 F.4th 1116, 1124 (10th Cir. 2021).  The Tenth Circuit has held "[w]hat matters

particularly is that the areas within a vehicle searched should be consistent with a goal of protecting the vehicle's content.  *See Kendall*, 14 F.4th at 1127.  The alleged failure to provide an inventory list after a search does not undermine the validity of the search.  *See United States v. Mayfield*, 161 F.3d 11443, 1145 (8th Cir. 1998).

Given that the vehicle was to be impounded, an inventory search was necessary to note the contents of the vehicle.  Plaintiff does not allege the individual Defendants did anything beyond the standard intent of an inventory search which is to itemize the contents of a vehicle.  Plaintiff does not allege the inventory search was done in bad faith or to locate evidence of a crime.  As a result, Plaintiff has failed to plausibly allege an improper inventory search.

### 4.    No clearly established law.

Turning to the second prong of the individual Defendants' qualified immunity, "[a] clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quotations omitted). "To satisfy this high threshold, there must exist Supreme Court or Tenth Circuit precedent on point or, alternatively, the established weight of authority from other courts must support the plaintiff's view of the law." *Wright v. City of Ponca City*, No. 22-6137, 2023 WL 5765848, at *5 (10th Cir. Sept. 7, 2023)[2] (citing *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010)). "A reasonable official [may also] possess [ ] the requisite understanding if ... 'a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct at issue.'" *Wright*, 2023

---

[2] Cert. denied, 144 S. Ct. 1058 (2024), 2023 WL 5765848, at *5.

WL 5765848, at *5 (cleaned up) (citing *Buck v. City of Albuquerque*, 549 F.3d 1269, 1290 (10th Cir. 2008)). Ultimately, however, the law is not clearly established unless this precedent "place[s] the statutory or constitutional question *beyond debate*." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (emphasis added). "Use of excessive force is an area of the law 'in which the result depends very much on the facts of each case,' and thus police officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Krueger v. Phillips*, 154 F.4th 1164, 1196 (10th Cir. 2025) (citing *Kisela v. Hughes*, 584 U.S. 100, 104 (2018)).

Plaintiff cannot identify clearly established law putting Defendants on notice that any of the alleged conduct violated the Fourth Amendment under the circumstances outlined in the Complaint. He cannot provide a dispositive case where an officer was found to have violated the Fourth Amendment simply because the officer pulled a suspect out of a car. Plaintiff will also be unable to identify any case law showing it was clearly established that the impoundment and inventory search under the circumstances alleged in the Complaint were violations of the Fourth Amendment. As a result, the individual Defendants are entitled to qualified immunity.

### B.    PLAINTIFF'S *MONELL* CLAIM IS NOT PLAUSIBLE.

A municipal defendant like the City "may not be held liable under Section 1983 simply because it employs a person who violated a plaintiff's federally protected rights." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Rather, municipal defendants are only subject to direct liability where an underlying constitutional deprivation resulted from a municipal policy, practice, or custom. *Id.* Thus, to maintain a

9

municipal liability claim, a plaintiff must plausibly allege: (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and an underlying violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A plaintiff must also plausibly allege that the "policy" in question "was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013); *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1145 (10th Cir. 2023).

The Complaint (Count IV) meets none of these standards. It fails to identify any County policy, nor does it state any plausible causal link between a policy and any constitutional violation. Indeed, as discussed above, Plaintiff has failed to plead a requisite underlying constitutional violation. *See Rowell v. Bd. of Cnty. Commissioners of Muskogee Cnty., Oklahoma*, 978 F.3d 1165, 1175 (10th Cir. 2020) ("[A] municipality may not be held liable where there was no underlying constitutional violation by any of its officers.") (cleaned up). Without any specific factual support, Plaintiff merely alleges the City failed to train, enforce, supervise, and discipline.  [Complaint, ¶ 66a. – 66.d.].

Plaintiff similarly fails to allege how any purported deficiencies in training or supervision were "enacted or maintained with deliberate indifference." *Schneider*, 717 F.3d at 769. Count IV should therefore be dismissed. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1284-85 (10th Cir. 2019) (affirming dismissal of similar claims on this basis).  Plaintiff also does not plausibly allege causation. The Complaint does not allege – other than in conclusory fashion – how any specific City policy, practice, or custom

10

caused the alleged harm. Without facts supporting a policy or custom, causation, and the required state of mind, Plaintiff's *Monell* claim against the City should also be dismissed.

**WHEREFORE**, for the reasons stated herein, Defendants respectfully request that this Court:

A.    Enter an Order dismissing Plaintiff's claims with prejudice;

B.    Enter judgment in their favor and against Plaintiff;

C.    Award attorney fees and costs against Plaintiff;

D.    Provide such other and further relief as the Court deems just and proper.

Respectfully submitted,

**SGR, LLC**

By /s/ Eric M. Ziporin
*Eric M. Ziporin*
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Phone: (303) 320-0509
E-mail: eziporin@sgrllc.com
*Counsel for Defendants*

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of April, 2026, I electronically filed a true and correct copy of the above and foregoing **MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will electronically mail a copy to the following. A copy was served on the following *pro se* party via electronic mail and U.S. Mail:

Adrian Molina
7550 East 53rd Place, Unit 5072
Denver, CO 80217
adrianneavemolina@gmail.com
*Plaintiff Pro Se*

/s/ Laurie O'Neill
Legal Secretary