FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2b APR 30 AM 8: 50

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03920-CNS-STV

ADRIAN MOLINA,
Plaintiff,

v.

CITY OF COMMERCE CITY;
GILBERT ABDULLAH, in his individual capacity;
MARIE ANDERS, in her individual capacity;
SERGIO ROSALES, in his individual capacity;
ADAM LAUBERT, in his individual capacity; and
JANE DOE OFFICER, in her individual capacity,

Defendants.

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Adrian Molina, proceeding pro se, respectfully submits this Response in Opposition to Defendants' Motion to Dismiss and states as follows:

---

## I. INTRODUCTION

Defendants seek dismissal based on qualified immunity and alleged pleading deficiencies. However, Plaintiff alleges specific facts showing that Defendants used force after control was achieved, conducted a warrantless search while Plaintiff was secured and non-threatening, and impounded Plaintiff's vehicle despite reasonable alternatives.

At this stage, the Court must accept Plaintiff's factual allegations as true. When properly viewed under this standard, Plaintiff has plausibly alleged violations of clearly established Fourth Amendment rights. Accordingly, Defendants' Motion to Dismiss should be denied.

---

## II. STATEMENT OF FACTS

On or about the 5th day of December 2023, Plaintiff was seated inside his vehicle in Commerce City, Colorado when he was approached by officers of the City of Commerce City Police Department, including Defendant Officer Gilbert Abdullah, Defendant Officer Sergio Rosales, and Defendant Sergeant Marie Anders.

At the time of the encounter, Plaintiff was seated inside his vehicle and was not physically assaulting or threatening the officers.

Officers opened the driver's side door of Plaintiff's vehicle. Plaintiff raised his hands while seated inside the vehicle and did not make any threatening gestures or movements toward officers.

Officers then grabbed Plaintiff by the wrist, unbuckled his seatbelt, and assisted him out of the vehicle.

After Plaintiff had been removed from the vehicle, Defendant Officer Gilbert Abdullah grabbed Plaintiff from the back of his shirt near the neck area and pulled him with force while Defendant Sergeant Marie Anders assisted in the encounter.

The force used caused Plaintiff's shirt to be pulled and resulted in visible red marks and irritation to Plaintiff's neck and back.

Following this use of force, Plaintiff was placed under arrest.

At some point after Plaintiff was arrested, handcuffed, and placed in a patrol vehicle, Plaintiff explicitly stated that he did not consent to any searches or seizures.

Despite this, officers conducted a search of Plaintiff's vehicle, including opening the trunk.

At the time of the search, Plaintiff was secured in handcuffs and inside a patrol vehicle, and was not in a position to access the vehicle or its contents.

After Plaintiff's arrest, Defendant Officer Adam Laubert arrived on scene.

Officers then made the decision to impound Plaintiff's vehicle. Prior to calling for a tow, Defendant Officer Laubert confirmed that Plaintiff's vehicle was insured. Additionally, officers were informed that Plaintiff's mother was present nearby and possessed a valid driver's license.

Defendant Officer Laubert asked whether Plaintiff's mother could drive the vehicle. Plaintiff's daughter confirmed that Plaintiff's mother was able to do so. Defendant Officer Laubert then communicated to Defendant Officer Rosales and Defendant Sergeant Anders that the vehicle was insured.

Despite having this information, Defendant Sergeant Marie Anders stated, "he has no DL or registration, that's two out of three," and directed that the vehicle be towed.

Plaintiff was not given an opportunity to provide proof of insurance prior to the impoundment of the vehicle, despite the officers' acknowledgment that the vehicle was insured and that a licensed driver was available to move it a short distance.

The vehicle was subsequently impounded.

As a result of Defendants' actions, Plaintiff suffered physical irritation and injury to his neck and back, as well as the loss of use of his vehicle.

At all relevant times, Defendants were acting under color of state law.

## III. ARGUMENT

### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only allege sufficient facts to state a claim that is plausible on its face. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Plaintiff Adequately Alleges Personal Participation

Defendants argue Plaintiff failed to allege personal participation. This is incorrect.

Plaintiff specifically alleges that:

- Defendant Abdullah applied force by grabbing Plaintiff from the back of the neck area;
- Defendant Anders assisted during the use of force and directed the impound;
- Defendant Laubert confirmed the vehicle was insured and participated in the impound decision;

These are specific factual allegations tied to each Defendant. At the pleading stage, this is sufficient.

### C. Plaintiff Plausibly Alleges Excessive Force

Plaintiff alleges he raised his hands, did not resist, and was already removed from the vehicle when Defendant Abdullah applied force to the back of his neck.

Force applied after a suspect is compliant and under control is objectively unreasonable under the Fourth Amendment.

Defendants' attempt to rely on alternative facts is improper at this stage.

---

## D. Plaintiff Plausibly Alleges an Unlawful Search

Defendants argue the search was an inventory search. This argument depends on facts not suitable for resolution at the pleading stage.

Plaintiff alleges that he was handcuffed, secured in a patrol car, and explicitly refused consent before officers searched his vehicle, including the trunk.

Because Plaintiff was secured and unable to access the vehicle, the search cannot be justified as a search incident to arrest.

Whether the search qualifies as a valid inventory search depends on factual development and cannot be resolved at this stage.

---

## E. Plaintiff Plausibly Alleges an Unlawful Seizure of His Vehicle

Defendants claim the impound was justified due to safety concerns.

However, Plaintiff alleges that:

- The vehicle was insured;
- A licensed driver was available to move it;
- Officers acknowledged these facts;
- Despite this, Defendant Anders ordered the vehicle to be towed.

These facts plausibly show that reasonable alternatives existed and that impoundment was unnecessary.

---

## F. Qualified Immunity Does Not Apply

Qualified immunity does not apply where a plaintiff plausibly alleges violation of clearly established rights.

It is clearly established that officers may not use force against a non-resisting individual, may not search a vehicle when the arrestee is secured and cannot access it, and may not seize property where reasonable alternatives exist.

Plaintiff's allegations satisfy this standard.

### G. Plaintiff's Monell Claim Should Not Be Dismissed

At the pleading stage, Plaintiff need only plausibly allege that a policy or custom caused the violation.

Plaintiff alleges that the conduct at issue resulted from practices or customs relating to use of force, vehicle impoundment, and search procedures.

Dismissal at this stage would be premature.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

By: *Adrian Molina*

Adrian Molina
7550 E. 53rd Place, Unit 5072
Denver, CO 80217
Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2026, a true and correct copy of the foregoing was served via electronic mail and U.S. Mail on all counsel of record.

Eric M. Ziporin
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
eziporin@sgrllc.com
Counsel for Defendants

By: Adrian Molina

Adrian Molina
Plaintiff Pro Se